## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. DEPARTMENT OF DEFENSE, | ) | |
| 1400 Defense Pentagon | ) | |
| Washington, DC 20301-1400, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability,

and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4.     Defendant U.S. Department of Defense ("Defendant") is an agency of the United States government headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     On October 31, 2022, Plaintiff submitted a FOIA request to the United States Department of Defense, via the Office of the Secretary of Defense and Joint Staff FOIA Requester Service Center, seeking access to the following public records:

> 1.     Any and all communications or documents including but not limited to emails, transcripts, briefs, etc. between June 1, 2022 and September 13, 2022 within the Office of the Secretary of Defense, Secretary of the Navy, Chairman of the Joint Chiefs, and Commandant of Marine Corps regarding Marines standing behind the President during his September 1, 2022 speech in Philadelphia.

> 2.     Any and all communications or documents including but not limited to emails, transcripts, briefs, etc. between July 1, 2022 and September 13, 2022 sent to or shared with the White House Military Office and Office of the President regarding Marines standing behind the President during his September 1, 2022 speech in Philadelphia.

6.     Plaintiff received an email from Defendant's service center that same day acknowledging receipt of the request and informing Plaintiff that the request had been assigned tracking number 23-F-0105.

7.     By letter dated November 4, 2022, Defendant confirmed receipt of Plaintiff's request on October 31, 2022 and advised Plaintiff that, due to unusual circumstances, Defendant would not be able to respond to the request within FOIA's 20-day statutory time period.

8.      As of the date of this Complaint, DOD has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

9.      Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.     Defendant is in violation of FOIA.

11.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12.     Plaintiff has no adequate remedy at law.

13.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by December 14, 2022 at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably

incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  January 25, 2023

Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Telephone:     (202) 646-5172
Email:  porfanedes@judicialwatch.org

*Counsel for Plaintiff*